PER CURIAM.
 

 Becky Perrone appeals a final order of the Unemployment Appeals Commission (“Commission”) finding she is disqualified from receiving benefits because she voluntarily left employment without good cause attributable to the employer. In its order, the Commission adopted the referee’s findings of fact:
 

 The claimant worked, as a full-time marketing assistant, for a financial services provider from May 2006, through June 2009. The claimant’s job duties, as a marketing assistant, involved taking care of existing clients, establishing new clients, answering telephones, and scheduling appointments. Prior to separation, the claimant’s immediate supervisor informed the claimant that she needed to establish new clients for the company. The claimant informed her immediate supervisor that it was becoming more difficult to establish new clients through old client referrals. The claimant informed her immediate supervisor that the company should begin to host more public seminars to attract potential clients. The claimant’s immediate supervisor informed the claimant that seminars were cut, due to a lack of productivity, and the cost it involved to host them. The claimant attempted to further explain to her immediate supervisor her rationale, and was threatened to be fired. On June 24, 2009, the claimant voluntarily quit, due to believing she no longer had employment security.
 

 The appeals referee found Ms. Perrone quit her job with good cause attributable to her employer, and thus, deemed her qualified for unemployment compensation benefits. The Commission reversed the referee’s decision, finding that the facts do not show Ms. Perrone had good cause to voluntarily leave work. We agree.
 

 Section 443.101(l)(a), Florida Statutes, provides that an individual shall be disqualified from receiving unemployment compensation benefits for voluntarily leaving work without good cause attributable to the employing unit. Fear of being fired does not constitute good cause for quitting one’s job under section 443.101(l)(a). See
 
 Diaz-Pema v. Evens,
 
 833 So.2d 795, 795 (Fla. 3d DCA 2002) (affirming order denying unemployment benefits where appellant quit his job because he believed he either was going to be fired or would suffer a pay cut).
 

 AFFIRMED.
 

 WEBSTER, WETHERELL, and MARSTILLER, JJ. concur.